1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   P. CRAIG CARDON, Cal. Bar No. 168646
3  BRIAN D. ANDERSON, Cal. Bar No. 221645
   Four Embarcadero Center, 17th Floor
4  San Francisco, California  94111-4109
   Telephone:    415-434-9100
5  Facsimile:    415-434-3947

6  Attorneys for The Gymboree Corporation

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

| 11  JENNIFER LOPEZ, individually and on behalf of all others similarly situated, | Case No. 3:07-cv-00087-SI |
|---|---|
| 12                          Plaintiff, | **ADMINISTRATIVE MOTION TO REASSIGN AND CONSOLIDATE RELATED CASES PURSUANT TO CIVIL L.R. 3-12, CIVIL L.R. 7-11 AND FED. R. CIV. P. 42(A)** |
| 13          v. | |
| 14  THE GYMBOREE CORPORATION and DOES 1-10, | [Complaint Filed:  January 5, 2007] |
| 15 | |
| 16                          Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

1         Defendant The Gymboree Corporation ("**Gymboree**") submits this

2 Administrative Motion to Reassign and Consolidate Related Cases pursuant to Civil L.R.

3 3-12, Civil L.R. 7-11 and Fed. R. Civ. P. 42(a).

4         This case ("**Lopez**") was filed on January 5, 2007 and served on or about

5 January 22, 2007. The case *Mitchell v. The Gymboree Corporation, et al.*, Case No. 3:07-

6 cv-00739-WHA ("**Mitchell**") was filed on February 5, 2007 and has not been served,

7 although Gymboree has received a request for waiver of service. Mitchell is assigned to

8 the Hon. William H. Alsup in this District. It is related to this case according to the criteria

9 set forth in Civil L.R. 3-12(a) and, therefore, should be reassigned to this courtroom.[1]

10         An action is related to another when: (a) "The actions concern substantially

11 the same parties, property, transaction or event"; and (b) "It appears likely that there will

12 be an unduly burdensome duplication of labor and expense or conflicting results if the

13 cases are conducted before different Judges." Civil L.R. 3-12(a).

14         The Lopez case and the Mitchell case concern the identical alleged

15 transactions, events and legal claims. Both cases allege that Gymboree violated the Fair

16 Credit Reporting Act (FCRA), specifically the Fair and Accurate Credit Transactions Act

17 (FACTA) portion of it by printing on sales receipts more than the last five digits of

18 people's credit card or debit card number and/or the expiration date of people's credit card

19 or debit card.

20         While each case, of course, has its own individual purported class

21 representative (i.e., Ms. Lopez and Ms. Mitchell), the purported class in Lopez is identical

22 to purported "Class B" in Mitchell and only slightly different from purported "Class A" in

23 Mitchell:[2]

24

---

25 [1] As the Lopez case was filed prior to the Mitchell case, it is proper for the Judge in this case, the earliest-filed case, to hear and decide this motion. Civil L.R. 3-12.

26 [2] Purported "Class A" in Mitchell is slightly different only because of the way the effective date of the pertinent statutory provision is written. 15 U.S.C § 1681c(g)

27 became effective (a) "3 years after the date of enactment of this subsection [enacted Dec. 4, 2003], with respect to any cash register or other machine or device that

28 electronically prints receipts for credit card or debit card transactions that is in use

---

1        • **Lopez Case:** "All individuals in the United States of America who,

2    on or after December 4, 2006, were provided at the point of a sale or transaction with an

3    electronically-printed receipt by GYMBOREE on which GYMBOREE printed more than

4    the last five digits of the person's credit card or debit card number, or on which

5    GYMBOREE printed the expiration date of the person's credit card or debit card." Lopez

6    Complaint, p.6.

7        • **Mitchell Case:** Class A "All persons in the United States to whom,

8    on or after January 1, 2005, Defendants provided, through use of a machine that was first

9    put into use by Defendants on or after January 1, 2005, an electronically printed receipt at

10   the point of a sale or transaction on which Defendants printed more than the last five digits

11   of the person's credit card or debit card number and/or printed the expiration date of the

12   person's credit card or debit card"; and Class B "All persons in the United States to whom,

13   on or after December 4, 2006, Defendants provided, through use of a machine that was

14   being used by Defendants before January 1, 2005, an electronically printed receipt at the

15   point of a sale or transaction on which Defendants printed more than the last five digits of

16   the person's credit card or debit card number and/or printed the expiration date of the

17   person's credit card or debit card." Mitchell Complaint, p. 4.

18          Similar to the related case reassignment standard, consolidation is proper and

19   efficient where purported classes are the same. *See* Fed R. Civ. P. 42(a) ("when actions

20   involving common questions of law or fact are pending before the court, it . . . may order

21   all the actions consolidated[.]"). In *Siegall v. Tibco Software, Inc.*, this District granted a

22   Motion for Consolidation concerning multiple class actions involving "substantially

23   similar, if not identical, factual and legal claims against the same defendants" and identical

24   purported classes. *See Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. LEXIS 26780 *9

25   before January 1, 2005"; and (b) "1 year after the date of enactment of this subsection
     [enacted Dec. 4, 2003], with respect to any cash register or other machine or device that
26   electronically prints receipts for credit card or debit card transactions that is first put
     into use on or after January 1, 2005." 15 U.S.C § 1681c(g). Thus, the slight difference
27   in purported "Class A" in Mitchell is the result of the plaintiff separating claims based
     on machines first used before and after January 1, 2005, per the statute.
28

1    (N.D. Cal. 2006). Similarly, the Lopez case and the Mitchell case involve identical factual

2    and legal claims against the same defendant, Gymboree, and effectively identical

3    purported classes. These two cases should be conducted before one judge.

4            Moreover, conducting the Lopez case and the Mitchell case before different

5    Judges or separately would certainly result in burdensome duplication of labor and

6    expense. *Siegall v. Tibco*, 2006 U.S. Dist. LEXIS 26780 *5 (citing *EEOC v. HBE Corp.*,

7    135 F.3d 543, 550 (8th Cir. 1998) ("The purpose of consolidation is to avoid the

8    unnecessary costs or delays that would ensue from proceeding separately with claims or

9    issues sharing common aspects of law or fact.") Proceeding separately here would

10   essentially double Gymboree's labor and expense. For example, discovery and motion

11   practices would be identical in both cases.

12           Conducting both cases before different judges or separately could also lead

13   to conflicting results. For instance, the issue of *willfulness* is paramount in both cases—

14   and should be resolved by motion—since a plaintiff must show actual damages (something

15   not alleged in either case) to recover absent a finding of willfulness. 15 U.S.C. § 1681n(a).

16   Different outcomes on the willfulness issue would lead to conflicting results in these two

17   cases.

18           For the reasons set forth herein, Mitchell is a related case to this one and

19   should be reassigned to this courtroom and consolidated with Lopez.

20           Respectfully submitted,

21   DATED: March 27, 2007

22                                          SHEPPARD MULLIN RICHTER & HAMPTON LLP

23

24                                  By   /S/  *Brian D. Anderson*

25                                          Brian D. Anderson
                                            Attorneys for Defendant THE GYMBOREE
26                                          CORPORATION

27

28



IT IS SO ORDERED
Judge Susan Illston

**CERTIFICATE OF SERVICE**

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4106.

On March 27, 2007, I served the following document(s) described as follows:

1.     **Administrative Motion to Reassign and Consolidate Related Cases Pursuant to Civil L.R. 3-12, Civil L.R. 7-11 and Fed. R. Civ. P. 42(A)**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Elizabeth A. Acevedo, Esq.
Keller Grover LLP
425 Second Street, Suite 500
San Francisco, CA 94107
eacevedo@kellergrover.com
Tel: 415/543-1305
Fax: 415/543-7681

Mark R. Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
Tel: 775/284-1500

Scott A. Miller, Esq.
Law Offices of Scott A. Miller, A.P.C.
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
millaw@sbcglobal.net
Tel: 818/788-8081

Steven L. Miller, Esq.
Steven L. Miller, A Professional Law Corporation
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
stevenmiller@sbcglobal.net
Tel: 818/986-8900

☒     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐     **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐     **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 415/434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and

-2-

W02-WEST:FML\400249616.1
Case No. C 07 cv 00087-SI

CERTIFICATE OF SERVICE

without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☐     **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 27, 2007, at San Francisco, California.

_____
Mironda Lewis

W02-WEST:FML\400249616.1
Case No. C 07 cv 00087-SI

CERTIFICATE OF SERVICE